# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LLOYD T. SCHUENKE, <br><br> Petitioner, <br> v. <br><br> JUDY P. SMITH, <br><br> Respondent. | Case No. 15-CV-403-JPS <br><br><br> ORDER |

  On April 3, 2015, the petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Docket #1). The petitioner requests that the Court alter his release date. (Docket #1 at 2). He does not specify which of three separate sentences from his criminal cases—Milwaukee County Circuit Court Case Nos. 1991-CF-910151, 2007-CF-6172, and 2008-CF-4503—he is challenging.

  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court may analyze successiveness, timeliness, and exhaustion issues, among other things, and dismiss the petition if necessary. Given the myriad problems with the petition in this case, the Court is obliged to dismiss it.

  The Court begins by noting that the petition is most barred as successive. The petitioner has already filed two previous petitions that raise the same three criminal cases he challenges in his petition in this case.

*Schuenke v. Smith*, Case No 14-CV-276 (W.D. Wis.) (which is currently on appeal before the Seventh Circuit, Case No. 14-3132); *Schuenke v. Smith*, Case No. 12-CV-1283 (E.D. Wis.). Thus, his petition is clearly second or successive. *See, e.g., Pannell v. Davis*, 178 F. App'x 577, 578 (7th Cir. 2006) (treating as successive a second petition filed while appeal of the first was pending). And, before this Court can consider it, the petitioner must file a motion with the Seventh Circuit requesting an order authorizing the Court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

The petition also appears untimely. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded. *See Ray v. Clements*, 700 F.3d 993, 1003 (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)). Assuming that the sentence challenged by the petitioner corresponds to his latest-in-time criminal case from 2008, the petition could not possibly be timely. Though the petitioner has not provided crucial information, the Court examined public records and determined that the petitioner's sentencing hearing occurred on May 28, 2009. The Wisconsin Court of Appeals issued a decision in the petitioner's case on January 11, 2011. There is no indication that the petitioner requested that the Wisconsin Supreme Court hear his direct appeal, which he was required to do within 30 days of the Court of Appeals' decision. Wis. Stat. §§ 808.10, 809.62(1). The petitioner filed another post-trial motion, which was resolved on April 8, 2011. Thus, at the very latest, the limitations period began to run in April of 2011. *See* 28 U.S.C. § 2244(d). But the petitioner did not take any further action in the 2008 case until February of 2013, long after the one-year limitations period had expired. Perhaps the petitioner may believe that there is some newly discovered

factual predicate that would toll the limitations period, 28 U.S.C. § 2244(d)(1)(D), but that is not clear from the face of the petition. Thus, the petition appears untimely.

Finally, the petitioner has not exhausted the claims he raises. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). It does not appear that the petitioner ever presented his claim in this case to the state courts. He states that he filed a request to alter his release date with the prison, but does not indicate any response from the prison or any proceedings in state court. Nor can the Court find any state court activity in the public records. Thus, the petitioner's

only claim is unexhausted. While, typically, the Court would allow the petitioner an opportunity to his amend his petition on this issue, *see Rhines v. Weber*, 544 U.S. 269, 278 (2005), amendment is not necessary here. To begin, amendment would be futile, as the petition is successive and the petitioner did not receive leave from the Seventh Circuit to file it. Second, the petitioner has raised only a single claim, so he does not need to amend his petition to assert other claims. For these reasons, the Court finds that dismissal of the petition is also appropriate on the basis of exhaustion.

In sum, because the petition is successive, untimely, and contains only a single, unexhausted claim, the Court is obliged to deny it and dismiss this action.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. The denial of the petition is three-fold—based upon successiveness, timeliness, and exhaustion—and all three foundations are solid. It is clear that the petitioner has not received leave from the Seventh Circuit to file this successive petition. The petition comes long after the petitioner's sentence became final. And the petitioner

has not presented his single claim to any state court. No reasonable jurist would disagree with the Court's determination.

WARNING. The Court closes with a warning to the petitioner. The petitioner has been a plaintiff or petitioner in at least 45 cases that the Court has located on PACER. And practically all of those prior cases were frivolous. Despite their frivolity, they required a significant outlay of judicial resources, particularly because the petitioner files many documents in every case. The Court will put a swift end to the petitioner's course of conduct if he follows it in this case. Pursuant to *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), the Court has the inherent authority to protect itself from the sort of vexatious litigation that the petitioner conducts. Under *Mack*, the Court may fine the petitioner. And, until the petitioner were to pay that fine, he would be prohibited from filing anything else in this district. This is the only warning that the petitioner will receive in this case: frivolous filings in this case *will* result in a fine and filing bar under *Mack*.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge